JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR -4 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 679

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ETHANOL PLANTS SECURITIES LITIGATION

TRANSFER ORDER*

This litigation presently consists of eleven actions pending in seven districts as follows:

| District | Actions |
|---|---|
| Southern District of New York | 4 actions |
| Eastern District of Pennsylvania | 2 actions |
| Eastern District of Arkansas | 1 action |
| District of New Jersey | 1 action |
| Northern District of Ohio | 1 action |
| Western District of Pennsylvania | 1 action |
| Western District of Tennessee | 1 action |

Presently before the Panel are a motion and cross-motions, pursuant to 28 U.S.C. §1407, seeking centralization of some or all of the actions in a single district for coordinated or consolidated pretrial proceedings.[1]/ Four districts have been suggested as transferee forum: the Southern District of New York, the Eastern District of Pennsylvania, the Eastern District of Arkansas, and the Western District of Missouri.

On the basis of the papers filed and the hearing held, the Panel finds that these eleven actions involve common questions of fact and that centralization under Section 1407 in the Western District of Missouri will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share numerous factual questions relating to 1) the formation of three limited partnerships organized for the purpose of acquiring ethanol plants at the same situs in Iberia Parish, Louisiana, ii) the promotion and sale of the partnership interests, iii) the financing of the partnership interests, and/or iv) alleged fraudulent conduct of various parties connected with the plants and/or the partnerships.

---

* Judge Fred Daugherty took no part in the decision of this matter.

[1]/ The Panel has been apprised of additional related actions in various districts that were either filed too late or came too late to the various moving parties' attention in order to be subject to the motions now before the Panel. These actions will be treated as potential tag-along actions in accordance with Panel Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. Certain parties have asserted that the particular claims in certain actions or the purportedly advanced status of proceedings in certain actions render those actions inappropriate for inclusion in Section 1407 proceedings. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 11, R.P.J.P.M.L., 89 F.R.D. 273, 280-82 (1981).

While any of the suggested transferee forums might be appropriate districts in which to locate Section 1407 proceedings in this docket, on balance we are persuaded that the Western District of Missouri is the most appropriate forum for this litigation. We make this choice, even though no constituent action is pending there, because: 1) key individuals (officers of the companies that built the ethanol plants, the companies' lawyers and their accountants) and documentary evidence relating to the plants' construction are located in the Western District of Missouri; and 2) the Honorable Howard F. Sachs, to whom we are assigning this litigation, has already developed the familiarity, expertise and control that will be needed in this docket as a result of presiding over related litigation involving the companies that built and sold the plants and their insurer.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Howard F. Sachs for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-679 -- In re Ethanol Plants Securities Litigation

### Eastern District of Arkansas

J. Paul Lewis, et al. v. Glen R. Schultz, et al.,
C.A. No. LR-C-85-268

### District of New Jersey

Dwight F. Weeks, et al. v. Ethanol Energy Partners, et al.,
C.A. No. 85-5200

### Southern District of New York

Linden P. Marchand, Jr., et al. v. Butcher & Singer, Inc., et al., C.A. No. 85 Civ 2661
National Union Fire Insurance Company of Pittsburgh, Pa. v. Linden P. Marchand, C.A. No. 85 Civ 4095
National Union Fire Insurance Company of Pittsburgh, Pa. v. Alvin S. Meltzer, C.A. No. 85 Civ 8065
Stuart D. Wechsler v. Ethanol Partners Accredited, et al. C.A. No. 84 Civ 5217

### Northern District of Ohio

Home Centers, Inc., et al. v. George S. Hoffman, et al.,
C.A. No. C85-1675A

### Western District of Pennsylvania

Leo B. Kelly, et al. v. Ethanol Partners Accredited, et al.,
C.A. No. 84-3028

### Eastern District of Pennsylvania

Ethanol Partners Accredited, et al. v. Weiner, Zuckerbrot, Weiss & Brecher, et al., C.A. No. 84-6408
H. Wynne James, III, et al. v. Ethanol Energy Partners, et al., C.A. No. 85-5126

### Western District of Tennessee

Ray G. Gatten v. Ethanol Energy Partners, et al.,
C.A. No. 85-2952-NA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 22 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 679

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ETHANOL PLANTS SECURITIES LITIGATION

<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Larry
    D. Boggs</u>, S.D. New York, C.A. No. 85 Civ. 9479
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. George
    S. Hoffman</u>, S.D. New York, C.A. No. 85 Civ. 9481
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Van R.
    Hoisington</u>, S.D. New York, C.A. No. 85 Civ. 4554
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Paul
    Lewis</u>, S.D. New York, C.A. No. 85 Civ. 4376
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Gary
    Peters</u>, S.D. New York, C.A. No. 85 Civ. 9480

TRANSFER ORDER*

Presently before the Panel is a motion pursuant to Rule 9, R.P.J.P.M.L., 89 F.R.D. 273, 278-79 (1981), by plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) in the five above-captioned actions to vacate the Panel's orders conditionally transferring the actions to the Western District of Missouri for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before the Honorable Howard F. Sachs. Each action's defendant supports transfer of the actions.

On the basis of the papers filed and the hearing held, the Panel finds that the five actions involve common questions of fact with actions in this litigation previously centralized in the Western District of Missouri, and that transfer of the actions to the Western District of Missouri for inclusion in the MDL-679 proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. See <u>In re Ethanol Plants Securities Litigation</u>, MDL-679 (J.P.M.L., filed March 4, 1986) (unpublished order). In opposing transfer, National Union has attempted to portray these actions as simple contract disputes between National Union, as surety for individual investors, and the investors, who have refused payments on their promissory notes. National Union's contention that such actions do not share significant questions with other MDL-679 actions was rejected by the Panel when it included in

---

*Judge Robert H. Schnacke took no part in the decision of this matter.

its original order of transfer two actions that closely parallel the five actions now before the Panel. Nothing has transpired to alter our original view that defenses, counterclaims, and/or third party complaints filed or expected to be filed in these National Union "surety" actions will raise questions concerning the financing of the ethanol partnerships and National Union's alleged participation in underlying fraudulent activity. It is not within the province of the Panel to pass on the merits of such claims -- we only conclude that their presence renders inclusion of the five actions in MDL-679 centralized pretrial proceedings appropriate. As we recognized in our original transfer order in this docket, it may be that upon further refinement of the issues in these actions, the National Union "surety" actions may be remanded in advance of the other actions in the transferee district. We continue, however, to be unwilling to make such determinations on the basis of the record now before us.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the five above-captioned actions be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Howard F. Sachs for inclusion in the coordinated or consolidated pretrial proceedings pending there in this docket.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Larry
   D. Boggs</u>, S.D. New York, C.A. No. 85 Civ. 9479
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. George
   S. Hoffman</u>, S.D. New York, C.A. No. 85 Civ. 9481
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Van R.
   Hoisington</u>, S.D. New York, C.A. No. 85 Civ. 4554
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Paul
   Lewis</u>, S.D. New York, C.A. No. 85 Civ. 4376
<u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Gary
   Peters</u>, S.D. New York, C.A. No. 85 Civ. 9480